Michael D. Ridenour, Esq. (ID No. 023752004)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
(267) 319-7802
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY C. IWU (and all Those Persons Similarly Situated),<br><br>Plaintiffs,<br><br>v.<br><br>HOPE HALL TREATMENT DIRECTOR HARRY JULIAN, HOPE HALL PROGRAM DIRECTOR ALBERT BOSHER, VOLUNTEERS OF AMERICA: DELEWARE VALLEY,<br><br>Defendants (All In their Individual & Official Capacities). | Hon. _____, U.S.D.J.<br>Hon. _____, U.S.M.J.<br><br>Civ. Action No. 19-cv-_____<br><br>**NOTICE AND PETITION FOR REMOVAL** |

TO:    William T. Walsh, Clerk of Court
      United States District Court for the District of New Jersey
      M.L. King, Jr. Federal Bldg. & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07102

      Kimberly C. Iwu, Plaintiff *pro se*
      12 Yale Road
      Atco, New Jersey 08004

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants respectfully submit this Notice and Petition For Removal of a case from the Superior Court of New Jersey, Law Division, Camden County, bearing Docket No. CAM-L-1970-19, and state as follows as the bases for removal:

1.      On May 17, 2019, Plaintiff, Kimberly C. Iwu, filed a civil action captioned

Kimberly C. Iwu (and all Those Persons Similarly Situated), Plaintiffs v. Hope Hall Treatment

Direcetor Harry Julian, Hope Hall Program Director Albert Bosher, Volunteers of America:

Deleware Valley, Defendants (All In their Individual & Official Capacities), Docket No. CAM-

L-1970-19, in the Superior Court of New Jersey, Law Division, Camden County.[1]

2.      Defendants were not served with the Summons and Complaint until July 15,

2019, at which time Plaintiff accepted an offer from counsel for Defendants, Eileen K. Keefe,

Esq., to accept service on Defendant's behalf.[2,3]    A true and correct copy of the email

correspondence between Ms. Keefe and Plaintiff on that date regarding acceptance of service is

attached hereto as Exhibit C.

3.      The Summons and Complaint served upon each Defendant on July 15, 2019

constitute all pleadings, process, and other documents that were properly served upon

---

[1] The spelling and capitalization errors in this sentence appear in the caption of Plaintiff's "Verified Complaint" (hereinafter referred to as the "Complaint"), a true and correct copy of which is attached as Exhibit A.

[2] On July 6, 2019, Plaintiff filed a "Certified Proof of Service," a true and correct copy of which is attached hereto as Exhibit B, with the Superior Court of New Jersey. In its relevant part, that Certified Proof of Service, which is inexplicably dated May 9, 2019, appears to aver the defendants were served via certified mail:

> On June 7th, 2019, the defendants were simultaneously—as can be ascertained from the documents themselves (i.e., the "return receipts")—officially "served" with the verified complaint and attaching papers comprising this matter, see Exhibit(s) A. (to Defendant Bosher), B. (to Defendant Julian) and C. (to Defendant Volunteers of America)."

Plaintiff's "Certified Proof of Service" does not attach any of the referenced exhibits. More importantly, service via certified mail is not permissible under the New Jersey Court Rules, and does not give rise to in personam jurisdiction, unless "personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7." R. 4:4-3(a); see also R. 4:4-4(a) (requiring personal service of process upon both individuals and corporations); R. 4:4-4(b)(1) (noting that personal service cannot be effected by certified mail "consistent with due process of law" unless (a) process is also served via regular mail and (b) the plaintiff shows "by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with [R. 4:4-4(a)]"; R. 4:4-7 ("If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business, or employment."). There is nothing in Plaintiff's "Certified Proof of Service" attesting that Plaintiff made any attempt to effect personal service on any Defendant, much less "a reasonable and good faith attempt" required by the New Jersey Court Rules, and she has not filed or produced any affidavit required by R. 4:4-7. As such, Defendants are not deemed to have been served with the Complaint until July 15, 2019.

[3] Defendants intend to move for Ms. Keefe's admission pro hac vice promptly after the removal of this matter.

Defendants in this action. The Complaint was the initial pleading that was properly served upon and received by Defendants setting forth the claims upon which Plaintiff's action is based.

4.    This Notice and Petition is timely filed under 28 U.S.C. § 1446(b) because Defendants have effected removal within thirty (30) days of receipt of proper service of a paper from which it could first be ascertained that this action is removable (i.e., the Complaint). See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint ... but not by mere receipt of the complaint unattended by any formal service.").

5.    Defendants have not filed an answer or other pleading in the Superior Court of New Jersey.

6.    Plaintiff's Complaint asserts one or more claims that are expressly predicated on the Fourth Amendment, 42 U.S.C. § 1983. See Exhibit A at p. 3; see also id. at p. 4 ("This Court has jurisdiction ... to hear the Constitutional torts herein pursuant to Title 42 of the United States Service Code, Section 1983[.]") (underline in original). As a consequence, this Court possesses original jurisdiction over this action under 28 U.S.C. § 1331(a), which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

7.    Because the U.S. District Courts have original jurisdiction over, and federal law controls, actions brought to redress alleged violations of the Constitution, this action is properly removable to federal court under 28 U.S.C. §§ 1331 and 1441(a).

8.    This Court has supplemental jurisdiction over Plaintiff's additional causes of action under 28 U.S.C. § 1367.

9. Defendants submit this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding that Plaintiff has pleaded any claims upon which relief may be granted.

10. Venue is proper in this Court.

11. Pursuant to 28 U.S.C. §1446(d), Defendants have given written notice of the removal of this action to all adverse parties, and have filed a copy of this Notice and Petition for Removal with the Clerk of the Superior Court of New Jersey, Law Division, Camden County.

WHEREFORE, Defendants respectfully request that the within action, now pending in the Superior Court of New Jersey, Law Division, Camden County, be removed to the U.S. District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
Attorneys for Defendants

By: ___/s/ Michael D. Ridenour_____
Michael D. Ridenour

Dated: July 19, 2019

4823-5282-5501, v. 1

Michael D. Ridenour, Esq. (ID No. 023752004)
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, Pennsylvania 19102
(267) 319-7802
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIMBERLY C. IWU, | Hon. _____, U.S.D.J. |
| | Hon. _____, U.S.M.J. |
| Plaintiff, | |
| v. | Civ. Action No. 19-cv-_____ |
| VOLUNTEERS OF AMERICA, DELAWARE VALLEY, HARRY JULIAN, and ALBERT BOSHER | **CERTIFICATION OF SERVICE** |
| Defendants. | |

The undersigned hereby certifies that on this 19th day of July, 2019, I caused true and correct copies of Defendants' Notice and Petition for Removal, Notice of Compliance with 28 U.S.C. § 1446(d), Civil Cover Sheet, and this Certification of Service to be served upon Plaintiff, Kimberly C. Iwu, via electronic and regular mail, postage fully paid, to 12 Yale Road, Atco, New Jersey 08004, Iwu.kimberly@gmail.com.


_/s/ Michael D. Ridenour_____
Michael D. Ridenour

4827-2271-0685, v. 1

# EXHIBIT A

MS. KIMBERLY C. IWU
12 YALE ROAD
ATCO, N.J. 08004
Email. Iwu.kimberly@gmail.com
Cell: (856) 625-0034
Pro Se Litigant

Dated: May 9, 2019

SUPERIOR COURT OF NEW JERSEY

COUNTY OF CAMDEN: LAW DIV.

CIVIL PART

CAM-L- 1970-19 ___ (2019)

KIMBERLY C. IWU (and all
Those Persons Similarly Situated),
*Plaintiffs*

Vs.

HOPE HALL TREATMENT
DIRECETOR HARRY JULIAN,
HOPE HALL PROGRAM DIRECTOR
ALBERT BOSHER,
VOLUNTEERS OF AMERICA:
DELEWARE VALLEY,
*Defendants (All*

*In their Individual & Official*

*Capacities)*

**CIVIL ACTION**

VERIFIED COMPLAINT

I, KIMBERLY IWU, of full age and sound mind according to law—and a pro se Plaintiff herein—am the party-of-interest-in-the above-captioned matter, having brought forth same seeking vindication of my Statutory and Constitutional Rights as is accorded by Section 1983 and United States Constitution Amendment IV and N.J. Const. Art. 1. Para. Vii, do so verify, declare and state:

3 | P a g e
*VERIFIED COMPLAINT OF*
*IWU V. JULIAN, ET AL*

## JURISDICTION OF THE COURT

This Court has jurisdiction to hear the Title 10, N.J. Stat. Ann., claims herein espoused pursuant to *N.J.S.A. 10:5-13*; it likewise has jurisdiction to hear the Constitutional torts herein pursuant to Title 42 of the United States Service Code, Section <u>1983</u>; and it has ubiquitous jurisdiction over this case and controversy pursuant to N.J. Const. Art. <u>VI</u>. Sec. <u>III</u>. cl. <u>2</u>.

### DEFENDANT

HARRRY JULIAN ("Mr. Julian" hereinafter), is, and was at all times mentioned herein, the TREATMENT DIRECTOR for HOPE HALL, a Halfway House located at 676 Fairview Street, in Camden New Jersey 08104, phone number (856) 854-4660, since circa 2016 (approx.). His official duties entails "oversight" of all things "treatment orientated" for the above stated Halfway House.

### DEFENDANT

ALBERT BOSHER ("Mr. Bosher" hereinafter) is, and was at all times mentioned herein, the PROGRAM DIRECTOR/ADMINISTRATIVE HEAD for HOPE HALL, a halfway house located at 676 Fairview Street, in Camden New Jersey 08104, phone number (856) 854-4660. His official duties entails "oversight" of the entire program and programmatic scheme espoused by, and comprising, Hope Hall.

### DEFENDANT

VOLUNTEERS OF AMERICA, DELEWARE VALLEY ("VOADV" hereinafter), is, and was at all times mentioned herein, an administrative nonprofit "community outreach" ministry organization, https://www.voa.org/ (last visited May 9th, 2019) located, ad gravamen, at 531 Market Street, Camden, New Jersey 08103 phone number (856) 854-4660, and was responsible for the oversight of those persons and personnel within the VOADV, ad gravamen—including the inmate/resident.

STATEMENT OF FACTS

1.)    I began working, "informally[1]" for VOADV in 2014 as a "intake counselor" responsible for the processing of incoming inmates from the New Jersey Department of Corrections ("NJDOC" hereinafter): I was so "informally" instructed by Ms. Cooke, Director of Counselors for VOADV.

2.)    I worked for VOADV, without incident, from 2014 to 2016 until Mr. Julian began his employ with the former in 2016.

3.)    As "Treatment Director," Mr. Julian's responsibilities were specifically tailored to the oversight of all things "treatment" within Hope Hall, Exhibit A. at pgs. 10-11. (Section E.)[2] cf. id at pg. 20 (Section F.)("TREATMENT CONCERNS").

**ON FIRST INCIDENT REPORT**

4.)    In February of 2017 (a date and time therein) I was sequestered by Mr. Julian, Mr. Bosher, et al, and I was formally accused of having a sexual relationship with an inmate premised upon "rumors" from a theretofore unidentified source: defendants would subsequently initiate a HIPPA/PREA investigation against me upon those "rumors" in toto.[3]

---

[1] "Informal" as, while I was "officially" hired by VOADV, I had not yet underwent "orientation," and was therefore not authorized to perform the level of work that they requested that I do, and did, execute.
[2] See "VOADV, *Behavioral Health & Re-Entry Services,* Hope Hall Resident Handbook (Rev. 12/17)."

*VERIFIED COMPLAINT OF*
*IWU V. JULIAN, ET AL*

5.)    In this same month, Mr. Julian reported that I had falsified documents on the basis that I had entered bio-demographical data[4] onto the intake forms of the residents that I had yet to see—noteworthy here is that while "yes" I was entering said data into the resident's/inmate's files, I was not "falsifying" anything about the client; but, rather, I was entering data into the residents Hope Hall file that was already supported by the "files" that the NJDOC sent with the client[5]; moreover, I was then the case manager for "36 clients" that I had to see (every week) before weeks end and was attempting to be "efficient" with those time constraints imposed by my employ. I explained to Defendant Bosher, during a scheduled "meeting" with same in regards to Defendant Julian's incident report, that latter was "lying" and that the events he depicted in his incident report were not accurate; however, defendant Bosher, merely stated that I could put "my side of the story" on the other side of the incident report—I did, and explained my disappointment with the matter to him.

6.)    Thereafter, Mr. Julian began to harass me with: (i) phone calls during my lunch break; (ii) phone calls during non-working hours—the latter of which spawned grievances against him on "Talent Chaser[6];" (iii) unannounced "pop-ups" at my office door; (iv) unprovoked and unnecessary calls to his office for information, of which, the call that he used to summon me would have sufficed to so "inform," (v) consistent "informal reprimands" for my work-performance(s)—the latter of which culminated in "another" incident report to wit, though I was "read" what was on the report, I was not permitted to "read it for myself" and I therefore refused to sign it; moreover, during this last incident (which Mr. Bosher did so actuate on Mr. Julian's insistence) Mr. Bosher informed me that I was "lucky to have a job" due to the

---

[3] VOA,DV were the investigating agency and same concluded that there was "no" impropriety found in any of my conduct since the date of my employ to that said date and time.
[4] I.e., last known place of residence, age, height, weight, familial ties, etc.
[5] See N.J. Admin. Code (title) 10A:20-4.9 (Medical/Dental/Psychological Review of Applicants); N.J. Admin. Code (title) 10A:20-4.10 and N.J. Admin. Code (title) 10A:20-4.11 respectively.
[6] See https://talentchaser.com/tc/ (last visited May 9th, 2019)

*VERIFIED COMPLAINT OF*
*IWU V. JULIAN, ET AL*

"rumors" that I had behaved unprincipled with a client—"rumors" that Mr. Bosher utilized, on Mr. Julian's insistence, as grounds to have me "investigated" by VOADV via a claim of a HIPAA[7] /PREA[8] violation;

7.)    Subsequently, I began to look for employment elsewhere due to the hostile actions of Defendants Julian and Bosher—and, I did so (still) conduct myself in accordance with that intendment all the while maintaining the professionalism that preceded these events—noteworthy here, is that although Mr. Julian and Mr. Bosher relaxed some of their conduct due to my incessant grievances that I lodged against them (in juxtapose with their conduct), their conduct at no time ceased—only the more offensive portions (i.e., Mr. Julian's "calling" practices) did.

## ON NEW RUMORS

8.)    Thereafter, in June 2018, I met O.C.[9] as his "Thinking-For-A-Change" facilitator, see Exhibit A at pg. 10.(E.)(2.)—at that time, Hope Hall had already received my "notice" of termination from their employment and I was awaiting the "two week" requirement to run its respective course.

9.)    O.C. did "not" wish to participate in my class and attempted to utilize his then counselor, Christina Delassandra, to effectuate his removal from said class—to no avail.

---

[7]  See the Health Insurance Portability and Accountability Act, https://www.hhs.gov/hipaa/for-professionals/privacy/laws-regulations/index.html (last visited May 9th, 2019)

[8] See 42 U.S.C.S. 15061 et seq.

[9] As the "rumor" had it that I was in an inappropriate relationship with a client of Hope Hall (a residential community release program) while I was a staff member thereof, the resident would be a "victim" pursuant to N.J. Stat. Ann. 2C:14-2c.(2), and therefore his name is abbreviated in accordance with Court Rule and N.J. Const. Art. 1 para. 22.

*VERIFIED COMPLAINT OF*
*IWU V. JULIAN, ET AL*

10.)     Several days thereafter, the "two weeks" notice provision had run its course and I left the employ of Hope Hall in early June 2018; O.C., like other clients thereof, was provided with assistance from me to assist him in "re-entering" society—and nothing more.

## ON RE-INTRODUCTION OF HOPE HALL

11.)     On May 7th, 2019, a United States Marshall ("Marshall" hereinafter) came to my "mother's home" stating that he needed to speak with me and that I "may be in danger"—at the time of this encounter, I was at work or in route to the hospital for an unrelated matter.

12.)     Marshall told my mother that Hope Hall officials had stated that "I" was in a relationship with O.C. during my employ with them and that they were on the cusp of firing me for that matter but I quit prior to my termination.

13.)     My Nigerian traditionalist family was: in fear for my safety; embarrassed for (A.) me and (B.) themselves; humiliated at/by the unsupported and unfounded allegation(s), inter alia, of the Marshall and Hope Hall; moreover, Marshall did not enter my home but rather spoke in front of my neighbors and in the open about unfounded and unsupported allegations that were and are based in nothing more than imagination, inter alia.

## CAUSES OF ACTION

PLAINTIFF, Kimberly C. Iwu, shall re-allege, by reference, every allegation and statement of fact aforesaid, supra at pts. (1-13)(herein), as though same had been thoroughly stated heretofore.

I.     Defendant's MR. JULIAN and MR. BOSHER, through a "false light" on me, to the Marshall whom extended that scandalous and scurrilous "light" to my family and public wherein I live, that humiliated and embarrassed me without cause/support/justification, id at pts. (11..-13.)(herein), in violation of U.S. Const. Amend. IV and N.J. Const. Art. 1. Para. Vii—a Title 42 of the U.S.C. section 1983 matter;

II.     Defendant's Mr. JULIAN and MR. BOSHER, "defamed" me in my previous work environment (with VOA,DV) and to the Marshall whom extended that scandalous and scurrilous "defamation" to my family and the public wherein I live, ibid;

III.     Defendants MR. JULIAN and MR. BOSHER maintained and facilitated a "hostile work environment," id at pts. against me which itself was extended to this most recent action in time, in violation of N.J. Stat. Ann. 10:5-12(c.);

IV.     Defendant, VOADV, fosters and maintains a sub-standard of professionalism that itself allows both Defendant Julian and Bosher to keep their positions despite "numerous" grievances leveled against them by both staff and resident; and, or, in lieu thereof, permits the Defendants aforesaid to operate without the "adequate training" that they require in order to operate lawfully within the position that they hold;

V.      Defendant, VOADV, through incessant deliberate indifference to my, et al, complaints regarding Defendant Julian, permitted the latest in time conduct of Defendants JULIAN and BOSHER, supra at pts (11.-13.) to occur;

VI.     Defendants, BOSHER and JULIAN, "conspired" to deprive me of my Art. I. para. Vii and U.S. Const. Amend. IV rights when they lied to the Marshall about my quitting employ with VOADV/Hope Hall which itself through a "false/defaming light" upon me, in direct violation of, inter alia, N.J. Stat. Ann. 10:5-12(e.);

VII.    Defendants BOSHER and JULIAN "intentionally" caused "infliction of emotional distress" when they (A.) deliberately fed the Marshall "lies" regarding me and (B.) facilitated a "hostile work environment against me"—which culminated, after-the-fact, with them telling the Marshall "lies" about me;

VIII.   Defendant VOADV "negligently" facilitated "emotional distress" due to its apathy in the face of the complaints that I, et al, lodged against Defendant Julian (and by proxy Bosher); and,

IX.     Defendants Bosher and Julian "constructively discharged" me from my employment with VOA,DV due to the "hostile work environment" that they created for me due to the false and scandalous sexual allegations they made against me, supra at pt.(5.)(herein), in violation of N.J. Stat. Ann. 10:1.1.


Wherefore, this complainant has no other equitable means left open to same, at law, to seek redress of this matter unless this instant Court grants the former the relief prayed for and demanded infra:


ON RELIEF

A.      In accordance with the common law of this State, as delineated via the intendments of Jobes v. Evanglista, 369 N.J. Super. 384. 849 A.2d 186 (App. Div. 2004), inter alia, I seek "damages" against Defendant JULIAN for "$600,000 USD" on the  "false light invasion" claim and "$50,000 USD" on the "defamation claim;" furthermore, I seek "$200,000 USD" against Defendant BOSHER on the  "false light invasion"  claim and "$50,000 USD" on the "defamation" claim;

B.      In accordance with the common law of this State pursuant to Rendine v. Pantzer, 141 N.J. 292, 313 (1995) and Montells v. Haynes, 133 N.J. 282 (1993)("constructive discharge"), Defendants VOADV. BOSHER and JULIAN deliberately and, or indifferently created a "hostile work environment" for me—to wit culminated in the actions complained of supra at pts. (11.13.)(herein) and I therefore seek damages in the amount of: (A.) $250,000 USD against Defendant Julian, (B.) $250,000 USD against Defendant Bosher and (C.) $50,000 USD against VOADV;

C.      I seek $75,000 USD on the "failure to train" claim above, supra at VI. (herein), against Defendant VOADV;

D.      I seek $200,000 USD against VOADV for its outright "deliberate indifference," as outlined supra at pt.V.;

E.      I seek $150,000 against Defendants Bosher and Julian, collectively, on the conspiracy claim lodged against same supra at pt. VI.;

F.      I seek $350,000 against Defendants Bosher and Julian, collectively, on the IIED claim, ante at pt. VII.;

G.    I seek $100,000 against Defendant VOADV for its NIED as outlined at ante at pt. VIII.;

H.  I seek $100,000 against Defendant Julian and Defendant Bosher (individually) for their respective violations of Title 10 Section 1:1 of N.J. Stat. Ann., see supra at pt.(7.)(herein);

I.    I DEMAND a JURY TRIAL on all issues so triable to same;

J.    I seek a DECLARATION from the Court declaring the in/actions of the Defendants, as herein stated, to have violated the laws/constitutional provisions that they are in juxtapose with; and,

K.    I seek such other relief that the Court deems just and equitable considering the facts stated herein.

<u>VERIFICATION</u>: I, Kimberly C. Iwu, having read the aforesaid, do so verify, as to the best of my memory and recollection, that all stated herein is true, accurate, and correct, <u>R</u>.1:4-7:

MS. KIMBELY C. IWU,
PRO SE
12 Yale Road
Atco, New Jersey 08004
Cell: (856) 625-0034
Email:
iwu.kimberly@gmail.com

# EXHIBIT B

**MS. KIMBERLY C. IWU**
**12 YALE ROAD**
**ATCO, N.J. 08004**
**Email.** Iwu.kimberly@gmail.com
Cell: (856) 625-0034
Pro Se Litigant

Dated: May 9, 2019

SUPERIOR COURT OF NEW JERSEY

COUNTY OF CAMDEN: LAW DIV.

CIVIL PART

CAM-L-_____ (2019)

KIMBERLY C. IWU,
                    *Plaintiff*

Vs.

HOPE HALL TREATMENT                    **CIVIL ACTION**
DIRECETOR HARRY JULIAN,
HOPE HALL PROGRAM DIRECTOR
ALBERT BOSHER,
VOLUNTEERS OF AMERICA:
DELEWARE VALLEY,
                    *Defendants (All*

*In their Individual & Official*

*Capacities)*

**Via First Class & Certified Mail**
Civil Case Management
CAMDEN COUNTY SUPERIOR
COURT
101 South 5th Street
Camden, N.J. 08101

**CERTIFIED PROOF OF SERVICE**

COMPLAINANT, Kimberly Iwu, on this 24th day of June 2019, of full age and sound mind as is accorded by law; breaking brought sub judice the afore-captioned civil action against the Defendants captioned therein, do so certify, declare and state:

- On June 7th, 2019, the defendants were simultaneously—as can be ascertained from the documents themselves (i.e., the "return receipts")—officially "served" with the verified complaint and attaching papers comprising this matter, see Exhibit(s) A. (to Defendant Bosher), B. (to Defendant Julian) and C. (to Defendant Volunteers of America).

- Moreover, on this very day, I did so cause to be served upon the defendants this very certification simultaneous with the Court.

CERTIFICATION:  I, Kimberly Iwu, having read the aforesaid, do so certify, under ordinarily of perjury, that everything stated herein is true, valid, accurate and correct to the best of my understanding,  Rule 1:4-4(b):

MS. KIMBERLY C. IWU, PRO SE
12 YALE ROAD
ATCO, N.J. 08004
Email: iwu.kimberly@gmail.com
Tel.: (856) 625-0034

# EXHIBIT C

## Ridenour, Michael D. (Philadelphia)

| | |
|---|---|
| **From:** | Kimberly Iwu <iwu.kimberly@gmail.com> |
| **Sent:** | Monday, July 15, 2019 5:44 PM |
| **To:** | Keefe, Eileen K. (Philadelphia) |
| **Subject:** | Re: Iwu v. VOA - accepting service of Complaint for Defendants |

Greetings:

I do greatly appreciate your cogent response; however, I too would be remiss in not informing you that your client defaulted--as per Rule 4:43 as proof of service, via Certified Mail, was established on June 7, 2019; so, it does appear (at this early stage of things) that both of us may have been remiss.

    However, I would be myopic of me to not inform you that the court accepted my pleadings and permitted me to file them upon you; so, if error was to be assigned here at all, it was not of such a level as to have corrupted inpersonam.

    I am curious about what defenses you have for your client and I am sure you will not hereafter allow it to be a practice of delaying a proper (i.e., timely) reply/ answer/ motion to me; so, I accept your courteous invitation and shall await you and your partner's answer to my complaint to wit you admittedly have before you.

Good day

On Mon, Jul 15, 2019, 5:26 PM Keefe, Eileen K. (Philadelphia) <Eileen.Keefe@jacksonlewis.com> wrote:

Dear Ms. Iwu,

My name is Eileen Keefe and I am an attorney in the Philadelphia office of the law firm Jackson Lewis, PC. I recently learned that you filed a claim against Volunteers of American, Mr. Bosher and Mr. Julian. It does *not* appear that you complied with NJ requirements for proper service of a legal proceeding, nor is your affidavit of service complete.

Note that I am prepared to accept service for all Defendants rather than present a challenge. I have already obtained a copy of the complaint, and for that reason I am willing to confirm and mark today (July 15, 2019) as the date of service for all purposes. I trust this is agreeable to you, but please confirm your position via responsive email or call.

Going forward, please include myself and my colleague, Michael Ridenour, on all case related communication directed to VOA, Mr. Bosher or Mr. Julian. We are formally entering with the Court and will also copy you as appropriate and required by the NJ rules. As you may know, by serving Mr. Ridenour and/or me, it is not necessary that you serve the named Defendants.

Thank you for your attention to this email. Please reach me via telephone or email with questions you may have, and to confirm your understanding and agreement as to service of the Complaint so that we can move forward to address the claims.

1

Very truly yours,

Eileen Keefe

**Eileen K. Keefe**
Attorney at Law
**Jackson Lewis P.C.**
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
Direct: (267) 319-7839 | Main: (267) 319-7802
Eileen.Keefe@Jacksonlewis.com | www.jacksonlewis.com
***Winner, ILTA's Innovative Law Firm of the Year***