**12 YALE ROAD**
**ATCO, N.J. 08004**
**Email. Iwu.kimberly@gmail.com**
Cell: (856) 625-0034
Pro Se Litigant

Dated: August 21, 2019

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE STATE OF NEW JERSEY

| | |
|---|---|
| KIMBERLY C. IWU,<br>　　　　*Plaintiff*<br><br>Vs.<br><br>HOPE HALL TREATMENT<br>DIRECETOR HARRY JULIAN,<br>HOPE HALL PROGRAM DIRECTOR<br>ALBERT BOSHER,<br>VOLUNTEERS OF AMERICA:<br>DELEWARE VALLEY,<br>　　　　*Defendants (All<br>In their Individual & Official<br>Capacities)* | **Presiding Judge**: Hon. Renee Marie Bumb, P.U.S.D.J.<br><br>**Referring Judge**: Hon: Ann Marie Donio, U.S.D.J.<br><br>Docket No.: <u>1:19-cv-15591</u><br><br><br>　　　　<u>CIVIL ACTION</u><br><br>**CERTIFIED AFFIDAVIT FOR JUDGMENT BY DEFAULT AGAINST THE WITHIN CAPTIONED DEFENDANTS PURSUANT TO R. 55(a)** |

　　　　I, KIMBERLY IWU, am the Complainant in this Civil Rights and Common Law matter currently pending before this Federal District Court, and of full age and sound mind as is accorded by law, I do so certify, declare and state the following:

1.)    On June 7th, 2019, I did so serve a Verified Complaint ("Complaint" hereinafter) on the Defendants in accordance with New Jersey law[1] seeking such relief as I assess jurisprudence dictates is due me;

2.)    Thereafter, on July 15th, 2019, the defendants requested that I permit them to proceed with the matter, "within time," and stated that they were not able to proceed given irregularities, as they understood them, with my method of service, accord 1441 Papers at Exhibit C.;

3.)    Consequently, on this very day, I did so wax amendable to the defendants' proposition and the latter did so post haste perfect the 1441 Papers on July 19th, 2019;

4.)    Intermingled amongst the defendants' July 19th, 2019 submissions, was a Local Rule 6.1 Application to extend the time that same was required to "move or otherwise respond,"

---

[1] In the Defendants' July 19th, 2019 "Notice and Petition For Removal" ("1441 Papers" hereinafter), n. 1 therein, Defendants speciously posited that they were served, as far as they were concerned, on "July 15th, 2019," and cited as authority for this proposition the fact that (A) I permitted service to be actuated and (B) I did not perform "service" on the defendants in accordance with State (NJ) law; however, (i) the defendants' vibrant understanding of the NJ Ct. Rules "service" requirements, blithely (or, dare one say, deliberately) overlooked R. 4:4-6, which states, at length:
"[a] general appearance or an acceptance of the service of a summons, signed by the defendant's attorney or signed and acknowledged by the defendant (other than an infant or mentally incapacitated person), shall have the same effect as if the defendant had been properly served," id., *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 186, 172 (D.N.J. 2016)("Because the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the Court.")(citations and brackets omitted) therefore the defendants were "properly served" as the Return Receipt, *ad gravamen*, shall attest; so (ii) the defendants did then "default" as a matter of law—in accordance with NJ Ct. Rule 4:43-2—though I was permissive in then allowing the matter to move forward.

5 | Page    Case 1:19-cv-15591 Document 1 Filed 07/19/19

an additional "14 days" from the date of application—to wit the defendants posited would place the obligation they have to answer the complaint on "August 19th, 2019[2]";

5.)     As of the date of this writing, the defendants have not "moved, or otherwise responded" to the complaint that they ostensibly have; and, accordingly they have defaulted on this matter—for the second time, see n. 1 (herein);

## ON PREJUDICE INCURRED IF THE COURT DOES NOT GRANT THE RELIEF REQUESTED HEREIN

6.)     Yesterday, August 20th, 2019, while at my place of employ, two United States Marshals: (i) entered the facility wherein I have worked since I left the employ of the defendants; (ii) requested that they be given access to me from my employers/supervisors; (iii) sequestered me in a small room[3] with just myself and them; and (iv) quintessentially interrogated me[4] for two (unproductive) hours in regards to an escaped resident of a

---

[2] Even the most liberal acquiescence to the defendants' July 19th, 2019 6.1 Application (which removes the day of the request and all weekends—and itself substantively violates Fed. R. Civ. Pro. 6(a)(1)(B)) places the defendants' mathematical projection off an entire week; this, as they envisioned "August 19th, 2019" as the date of response; yet, given the defendants' request via the 6.1 App., the date of response should have been August 8th, 2019 not August 19th, 2019—this, of course, is in entertainment of the violation of the substantive Rule, itself long since passed.

[3] See State v. Patton, 362 N.J. Super. 16 (App. Div. 2003) and Leo, Richarda. "From Coercion to Deception: the Changing Nature of Police Interrogation in America." Crime, Law and Social Change, vol. 18, no. 1-2, 1992, doi:10.1007/bf00230624.
(Our police, with no legal sanction whatever, employ duress, threat, bullying, a vast amount of moderate physical abuse and a certain degree of outright torture; and their inquisitions customarily begin with the demand: "If you know what's good for you, you'll confess.")

[4] Cf. State v. Hubbard, 222 N.J. 249, 118 3.Ad 314 (2015)(citing Stansbury v. California, 511 U.S. 318 (1994) for the proposition that the "objective" views to wit comprise the encounter are to be considered).

halfway house that I admittedly attempted to assist in my capacity as a counselor for the defendants;

7.) During this quasi-interrogation, the Marshals expressed that they "knew" of the lawsuit that I had filed against the defendants and thereafter proceeded to question me regarding same[5];

8.) These same said governmental actors: proceeded to threaten me with incarceration[6], the loss of my parental relationship with my "three young children[7]," the corruption of my career goals; *inter alia*, if I did not reach a standard of cooperation with them that would inculpate me—I declined to give a narrative that was inconsistent with the truth yet gave them all that I admittedly would have given them had they simply went to "my home" as opposed to my place of employ[8];

9.) Moreover, the Marshals told me that they were following me and had traced my phone to do so, they also expressed the notion that I did not live where I do; but, rather I

---

[5] Cf. Webb v. Texas, 409 U.S. 95, 93 S. Ct. 351, 34 L. Ed. 2d 330 (1972) dispositive only on the manner in which the Court chose to unduly pressure the incumbent witness. Also see Brown v. Collingswod Police Dep't, Civil No. 09-2879 (JBS/KMW). at * 6 (D.N.J. Mar. 2011)( citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982) ("[L]oss of available evidence, increased potential for fraud *or collusion*, or substantial reliance upon the [default] judgement" may support finding of prejudice) (emphasis mine)

[6] See In re Eugene, 55 Cal. App. 3d 650 (1976)
[7] See Lynumn v. Illinois, 372 U.S. 528, 83 S. Ct. 917, 9 L.. Ed. 29 922 (1966).
[8] Cf. Department of State v. Ray, 502 U.S. 164, 112 S. Ct. 541, 116 L. Ed. 2d 526 (1991)("[d]isclosure of the interviewees' identities could subject them or their families to "embarrassment in their social and community relationships.").

must be living some place else given the fact that they could not verify my whereabouts on any given day—yet, (A) they were tracing my phone and (B) were following me back to the house that they stated that I do not live at?

10.) The Marshals thereafter departed and I was approached by my supervisors whom expressed that the prospects of my future with the company might be in jeopardy if the events of the day be repeated;

11.) Then, today, when I came into work, the clients[9] stated that there was a salient rumor that I was arrested yesterday and walked out of the facility "in handcuffs"; moreover, I was literally "shunned" all day by my peers—with my coworkers "side eyeing me" and not expressing toward me their normal communicative energy(ies).

12.) Accordingly, I am seeking a judgment, by entry of default, be entered against the defendants on the grounds expressed herein; or, if that measure be found extreme, that a judicious measure be executed against the defendants in accordance with the prevailing precedent of this Circuit as (i) another "visit" from the U.S. Marshals may spell the end of my employ with current employer; (ii) the U.S. Marshals actions amounted to (a) an act of intimidation, (b) an effort to subordinate me to commit an act of falsity to wit would rebound back to the defendants' interests in this pending legal action as above captioned, and, inter alia, (c) an unduly applied amount of pressure premised upon blatantly unfounded grounds.

---

[9] I am a drug and addictions counselor working on my Masters Degree in Mental Health.

**CERFTIFCATION**: I, Kimberly Iwu, having read the aforesaid, do so certify, under penalty of perjury, that all stated herein is true, accurate, and correct:

*[signature]*

**MS. KIMBERLY C. IWU**
**12 YALE ROAD**
**ATCO, N.J. 08004**
**Email. Iwu.kimberly@gmail.com**
Cell: (856) 625-0034
Pro Se Litigant

Dated: August 21, 2019