**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| KIMBERLY C. IWU (and all those persons similarly situated), <br><br>            Plaintiff, <br><br>    v. <br><br> VOLUNTEERS OF AMERICA DELAWARE VALLEY, HARRY JULIAN, and ALBERT BOSHER, <br><br>            Defendants. | Civ. No. 19-15591 (RMB/AMD) <br><br> **OPINION** |

**APPEARANCES:**

KIMBERLY C. IWU
12 Yale Road
Atco, New Jersey 08004
     Plaintiff, Pro Se

JACKSON LEWIS, P.C.
By: Michael D. Ridenour, Esq.; Eileen K. Keefe, Esq.
1601 Cherry Street, Suite 1350
Philadelphia, Pennyslvania 19102
      Counsel for Defendants Volunteers of America Delaware
      Valley, Harry Julian, and Albert Bosher

**RENÉE MARIE BUMB**, United States District Judge:

Pro Se Plaintiff Kimberly C. Iwu ("Plaintiff") commenced this action, in New Jersey state court, alleging various violations of her statutory and constitutional rights in relation to her former employment as an intake counselor with

the Volunteers of America Delaware Valley ("VOADV").  After

removing the case to this Court, Defendants VOADV, Harry Julian,

and Albert Bosher (collectively, "Defendants") brought the

instant Motion to Dismiss (the "MTD")[Dkt. No. 8], seeking

dismissal of Plaintiff's Complaint [Dkt. No. 1-1].  In response

to Defendants' MTD, Plaintiff filed a Motion for Default

Judgment [Dkt. No. 13] and a Motion for a Temporary Restraining

Order [Dkt. No. 14].  For the reasons set forth herein,

Defendant's MTD will be **GRANTED** and Plaintiff's Motion for

Default Judgment and Motion for a Temporary Restraining Order

will both be **DENIED**.

## I.   FACTUAL & PROCEDURAL BACKGROUND

As alleged in Plaintiff's pro se Complaint, from 2014 to

2018, Plaintiff worked as an "intake counselor" for VOADV at the

Hope Hall location, which is a residential community release

facility, where Plaintiff was responsible for processing

incoming inmates from the New Jersey Department of Corrections

("NJDOC"). [Compl. at p. 5, ¶ 1].  Plaintiff claims that she

worked for VOADV without incident until Harry Julian was hired

as Treatment Director at Hope Hall. [Id. at p. 5, ¶ 2].

In February 2017, Plaintiff alleges that she "was

sequestered by Mr. Julian, Mr. Bosher [the Program Director], et

al, and [she] was formally accused of having a sexual

relationship with an inmate premised upon 'rumors' from a theretofore unidentified source." [Compl. at p. 5, ¶ 4]. Plaintiff contends that a subsequent investigation found "no" impropriety. [Id. at p. 6, n. 3]. In that same month, Plaintiff alleges that Mr. Julian also accused her of "falsif[ying] documents on the basis that [she] had entered bio-demographical date onto the intake forms of the residents that [she] had yet to see." [Id. at p. 6, ¶ 5]. Thereafter, Plaintiff claims that Mr. Julian began to "harass" her by calling her during her lunch break and non-working hours, making unannounced appearances at her office, and "informal reprimands" for performance issues. [Id. at p. 6, ¶ 6]. Plaintiff states that Mr. Bosher told her that she was "lucky to have a job" given the "rumors" that Plaintiff "had behaved unprincipled with a client." [Id. at p. 6-7, ¶ 6].

Plaintiff alleges that she "began to look for employment elsewhere due to the hostile actions of Defendants Julian and Bosher." [Compl. at p. 7, ¶ 7]. Ultimately, Plaintiff states that she tendered her notice of resignation and left her employment with VOADV in June 2018, after the culmination of a two-week notice period. [Id. at p. 7-8, ¶¶ 8, 10].

According to Plaintiff, on May 7, 2019, an officer from the United States Marshals Service visited Plaintiff's mother's home and requested to speak with Plaintiff. [Compl. at p. 8, ¶ 11].

The U.S. Marshal allegedly told Plaintiff's mother that
Plaintiff "may be in danger" and that she had been "in a
relationship with [an inmate] during [Plaintiff's] employ with
[VOADV] and that they were on the cusp of firing [Plaintiff] for
that matter but [Plaintiff] quit prior to [her] termination."
[Id. at p. 8, ¶¶ 11-12]. Plaintiff claims that the U.S.
Marshal's statements, which were allegedly made in front of
neighbors, humiliated and frightened her "Nigerian
traditionalist family." [Id. at p. 8, ¶¶ 13].

On May 17, 2019, Plaintiff commenced this action by filing
her pro se Complaint in the Superior Court of New Jersey, Camden
County, Law Division, Civil Part (Case No. CAM-L-001970-19). In
her Complaint, Plaintiff attempts to assert nine causes of
action against Defendants, specifically that:

> (1)   Defendants Julian and Bosher, through the U.S.
>       Marshal, "humiliated and embarrassed [her] without
>       cause/support/justification" in a "false light" in
>       violation of "U.S. Const. Amend. IV and N.J. Const.
>       Art. 1. Para. Vii-a Title 42 of the U.S.C. section
>       1983 matter" (Count I);
>
> (2)   Defendants Julian and Bosher defamed her in the
>       workplace and, through the U.S. Marshal, to the public
>       and her family (Count II);

4

(3) Defendants Julian and Bosher maintained and facilitated a hostile work environment against Plaintiff in violation of N.J. Stat. Ann. 10:5-12(c) (Count III);

(4) Defendant VOADV failed to provide "adequate training" to Defendants Julian and Bosher (Count IV);

(5) Defendant VOADV exhibited "incessant deliberate indifference" to Plaintiff's complaints about Defendant Julian (Count V);

(6) Defendants Julian and Bosher conspired to deprive Plaintiff of her "Art. I. para. Vii and U.S. Const Amend. IV" based on "false/defaming light" statements to the U.S. Marshal, which violated "N.J. Stat. Ann. 10:5-12(e) (Count VI);

(7) Defendants Bosher "'intentionally' caused 'infliction of emotional distress'" by lying to the U.S. Marshal and "facilitated a 'hostile work environment against [her]'" (Count VII);

(8) Defendant VOADV "'negligently' facilitated 'emotional distress' due to its apathy in the face of" Plaintiff's complaints about Defendant Julian (Count VIII); and

(9) Defendants Julian and Bosher "constructively discharged" Plaintiff from her employment at VOADV

"due to the 'hostile work environment' they created for [her] due to the false and scandalous sexual allegations they made against [her]" (Count IX).

Now, Defendants move to dismiss Plaintiff's pro se Complaint, pursuant to Rule 12(b)(6). In response to the MTD, Plaintiff filed motions for default judgment and for a temporary restraining order against Defendant.

## II.   LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550

U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a pro se complaint, a court must bear in mind that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Dickerson v. New Jersey Inst. of Tech., 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019)(citing Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of pro se complaint does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See, e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)("a pro se complaint ... must be held to 'less stringent standards than

formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'"); Badger v. City of Phila. Office of Prop. Assessment, 563 F. App'x 152, 154 (3d Cir. 2014)("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.").

## III. **DISCUSSION**

In their Motion to Dismiss, Defendants set forth various compelling arguments in support of dismissal. Specifically, Defendants argue that Plaintiff's pro se Complaint fails to adhere to basic pleading standards under Rule 8, that Defendants are not state actors under 42 U.S.C. § 1983, and that Plaintiff's state law claims fail as a matter of law. Upon review, the Court finds significant deficiencies in Plaintiff's pro se Complaint that warrant dismissal. Additionally, Plaintiff's motions for default judgment and a temporary restraining order are without merit and will be denied.

### A. *Plaintiff's Constitutional Law Claims*

In the pro se Complaint, Plaintiff attempts to assert constitutional violations against Defendants under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that the defendant "deprived [plaintiff] of a

constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adams v. Teamsters Local 115, 214 F. App'x 167, 172 (3d Cir. 2007)(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970))(internal quotations omitted). Significantly, if there is no action under the color of law, there is no liability under § 1983. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir.1995)(citing Versarge v. Twp. of Clinton, N.J., 984 F.2d 1359, 1363 (3d Cir.1993)).

In this case, none of the named defendants appear to be "state actors." For example, Defendant VOADV is identified in the Complaint as a "administrative nonprofit 'community outreach' ministry organization." See Compl., at p. 4. Similarly, Defendants Julian and Bosher are individuals who were employed at Hope Hall, which is a facility operated by VOADV. Although a private entity can, under certain circumstances, be considered to have acted under color of state law, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as that of the State itself." Adams, 214 F. App'x at 172 (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001))(internal quotations omitted).

Here, Plaintiff's Section 1983 causes of action are premised upon allegations that Defendants conspired with an

unidentified U.S. Marshal to violate Plaintiff's Fourth
Amendment rights through embarrassing "false light" statements
made to family members.  However, the Fourth Amendment, and the
corresponding New Jersey Constitution provision (Art. I, ¶ 7),
pertain to "unreasonable searches and seizures," rather than the
right to privacy or false light statements.  To that end, the
Complaint contains no allegation that Defendants conspired with
state actors to invade Plaintiff's privacy through any unlawful
search or seizure.  As such, Plaintiff's causes of action under
Section 1983 (Counts I and VI) must be dismissed for failure to
state a claim. See Hurst v. State Farm Mut. Auto. Ins. Co., 2012
WL 426018, at *13 (D. Del. Feb. 9, 2012), aff'd (3d Cir. Oct.
24, 2012).

**B. *Plaintiff's State and Common Law Claims***

Defendants also argue that Plaintiff's state and common law
causes of action are legally deficient and must be dismissed.
In the Complaint, Plaintiff appears to assert claims for
defamation (Count II), hostile work environment (Count III),
failure to train (Count IV), deliberate indifference (Count V),
intentional infliction of emotional distress (Count VII),
negligent infliction of emotional distress (Count VIII), and
constructive discharge (Count IX).  Upon review, this Court
finds that each of these claims fail as a matter of law.

First, to establish defamation under New Jersey law, a plaintiff must show the defendant made "(1) a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to a person or persons other than the plaintiff; (5) with actual knowledge that the statement was false or with reckless disregard of the statement's truth or falsity or with negligence in failing to ascertain the truth or falsity; and (6) which caused damage." Knierim v. Siemens Corp., 2008 WL 906244, at *13 (D.N.J. Mar. 31, 2008). Although Plaintiff claims that Defendants Julian and Bosher falsely accused her of having an affair with an inmate (in February 2017), Plaintiff fails to specify the exact nature and timing of any defamatory statements that Defendants made to third-parties. To the extent that Plaintiff alleges that the U.S. Marshal's statements to her family members were defamatory, it is unclear where the U.S. Marshal learned of Plaintiff's alleged sexual relationship with an inmate and the U.S. Marshal was not named as a defendant in the complaint. Therefore, the defamation claim must be dismissed.

Second, Plaintiff's employment-related claims are similarly deficient. For example, Plaintiff's hostile work environment (Count III) and constructive discharge (Count IX) claims are asserted against Defendants Julian and Bosher, who were not Plaintiff's employer. Even if Plaintiff had properly asserted

these counts against the proper entity, she failed to make any contention that she suffered any discriminatory adverse employment action due to her membership in a protected class. To establish a prima facie hostile work environment claim, under the New Jersey Law Against Discrimination ("NJLAD"), "the plaintiff employee must show that the conduct complained of would not have occurred but for the employee's membership in a protected class, and that the conduct was severe or pervasive enough to make a reasonable person believe that the conditions of employment were altered and the working environment was hostile or abusive." See Maddox v. City of Newark, 50 F. Supp. 3d 606, 627 (D.N.J. 2014). Indeed, "the LAD is not a "general civility code.... [D]iscourtesy or rudeness should not be confused" with discriminatory conduct. Id. Absent any indicia of discriminatory animus, the Court finds that Plaintiff fails to state a claim against her employer under the NJLAD.

Third, Plaintiff also attempts to assert claims against VOADV for "deliberate indifference" (Count V) and "failure to train" Defendants Julian and Bosher (Count IV). This Court notes that these causes of action are typically brought under Section 1983 against public entities. Even if Plaintiff had attempted to assert a claim against VOADV for negligent hiring and retention under the NJLAD, in relation to the hiring of Defendants Julian and Bosher, Plaintiff fails to allege that

VOADV "knew or had reason to know of a particular unfitness, incompetence, or dangerous attributes of the employee and could reasonably foreseen that such qualities created a risk of harm to other persons." See Maddox, 50 F.Supp.3d at 636 (internal citations omitted).

Finally, "contentions of humiliation and physical distress, without more, are insufficient to sustain a claim for emotional distress." Cacciatore v. Cty. of Bergen, 2005 WL 3588489, at *9 (D.N.J. Dec. 30, 2005); see also Rocci v. MacDonald-Cartier, 323 N.J.Super. 18, 25 (App.Div.1999)(plaintiff's testimony that she was "upset" and "embarass[ed]" was inadequate to support a claim for emotional distress); Buckley v. Trenton, 11 N.J. 255, 366-67 (1988)(damages for emotional distress must be "so severe that no reasonable man could be expected to endure it").  Thus, Plaintiff's claims for intentional and negligent infliction of emotional distress (Counts VII and VIII) will also be dismissed.

C. *Plaintiff's Motions for Default Judgment and for a Temporary Restraining Order*

This Court notes that Plaintiff's Motion for a Default Judgment is based on the mistaken premise that Defendants failed to timely answer or otherwise respond to Plaintiff's Complaint. As demonstrated by documents submitted to this Court, Plaintiff failed to attempt personal service upon Defendants, as required

by N.J. Court Rule 4-4.  For that reason, Defendants had not been legally served until they consented to substitute service on July 15, 2019.  Accordingly, Defendants were not in default because Defendants' Motion to Dismiss, filed on August 15, 2019, was a timely response to the Complaint.  Furthermore, Plaintiff's Complaint fails to establish any legally valid claim, let alone irreparable harm, sufficient to justify a temporary restraining order.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss will be **GRANTED** and Plaintiff's Motions for Default Judgment and for a Temporary Restraining Order will be **DENIED.** An Order consistent with this Opinion shall issue on this date.

DATED: March 31, 2020

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
